**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ADVANTIX DIGITAL, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** _____ |
| | ) | |
| **OURISMAN CHEVROLET CO., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**NOTICE OF REMOVAL**

---

Defendant Ourisman Chevrolet Co., Inc. ("Defendant" or "Ourisman") files this Notice removing this matter to the United States District Court for the Northern District of Texas in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. Defendant shows the Court the following:

**I.     Background**

1.     Plaintiff Advantix Digital, LLC ("Plaintiff") commenced this action in the District Court of Dallas County, Texas, naming Ourisman as Defendant. The Original Petition was served upon Defendant by the Texas Secretary of State on May 18, 2018. All papers served on Defendant are attached as **Exhibit A**.

2.     Plaintiff's Petition seeks a declaratory judgment that it is not responsible for certain pay per click advertising provided by Defendant to Plaintiff, and also seeks damages in an amount not less than $200,000.00.

3.     The action Plaintiff filed in the Texas state court is one over which this Court has original jurisdiction under 28 U.S.C. § 1332, and, therefore, may be removed under 28 U.S.C. § 1441(a).

**II.     This notice of removal is timely and properly filed.**

4.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the receipt of the Summons and Petition by Defendant.

6.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit A** and made a part of this Notice as if fully set forth herein.

7.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the District Court of Dallas County, Texas.  A copy of the state court notice (without attachments) is attached as **Exhibit B**.

8.      In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served on counsel for Plaintiff and is attached as **Exhibit C**.

**III.    Plaintiff's citizenship is different from Defendant's citizenship.**

9.      Plaintiff is a limited liability company organized under the laws of the state of Texas, with its principal office in Dallas County, Texas.  (Ex. A, Petition ¶ 6).

10.     Defendant is not now, and was not at the time of the filing of the Petition, a citizen or resident of the State of Texas within the meaning of the Acts of Congress governing removal of cases.  Defendant is a corporation organized under the laws of the State of Maryland. Defendant's headquarters and principal place of business is located at 1400 Branch Avenue, Marlow Heights, Maryland, 20748.

11.     Plaintiff and Defendant are diverse in their citizenship.

**IV.     The amount in controversy exceeds seventy-five thousand dollars.**

12.     Plaintiff's Petition alleges that it seeks an award of monetary relief in excess of $200,000 but not more than $1,000,000. (Ex. A, Petition ¶ 11). The amount in controversy therefore exceeds $75,000.00, exclusive of interest and costs.

13.     As set forth above, the prerequisites for removal under 28 U.S.C. §1441 have been met.

THEREFORE, Defendant respectfully requests that, in accordance with 28 U.S.C. § 1441, the action now pending in the District Court of Dallas County, Texas, be removed to this Court, and that this Court proceed with the case as if it were originally initiated in this Court.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Mark C. Taylor*
　　　Mark C. Taylor
　　　State Bar No. 19713225
　　100 Congress Avenue, Suite 1800
　　Austin, Texas 78701
　　Telephone:  (512) 685-6400
　　Telecopier:  (512) 685-6417
　　E-mail: Mark.Taylor@wallerlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **NOTICE OF REMOVAL** has been served upon the following by first-class mail on June 4, 2018:

Jeffrey Goldfarb
GOLDFARB PLLC
2501 N. Harwood Street, Suite 1801
Dallas, Texas 75201

*Attorneys for Plaintiff*

/s/Mark C. Taylor
Mark C. Taylor

**EXHIBIT A:**
**NOTICE OF REMOVAL**

**INDEX**

1.  Supplemental Civil Cover Sheet - State Court  (filed 5/2/18)

2.  Docket Sheet

3.  Plaintiff Advantix Digital, LLC's Original Petition for Declaratory Judgment  (filed 5/2/18)

4.  Letter to Clerk requesting the issuance of citation to Defendant  (filed 5/2/18)

5.  Issue of Citation  (filed 5/2/18)

6.  Plaintiff's Notice of Filing Return (filed 5/29/18)

FILED
DALLAS COUNTY
5/2/2018 2:24 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

DC-18-05763

STYLED  Advantix Digital, LLC v. Ourisman Chevrolet Co., Inc.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Jeffrey Goldfarb | Email: jgoldfarb@goldfarbpllc.com | Plaintiff(s)/Petitioner(s): Advantix Digital, LLC | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 2501 N. Harwood Street, Suite 1801 | Telephone: (214) 583-2233 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, Texas 75201 | Fax: (214) 583-2234 | Defendant(s)/Respondent(s): Ourisman Chevrolet Co., Inc. | Custodial Parent: Non-Custodial Parent: |
| Signature: /s/ Jeffrey Goldfarb | State Bar No: 00793820 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☒Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☒With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| | | | | **Title IV-D** |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | | | | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| | ☐Other Injury or Damage: | | | |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☒Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

## Case Information

DC-18-05763 | Advantix Digital, LLC vs. Ourisman Chevrolet Co., Inc.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-18-05763 | 95th District Court | MOLBERG, KEN |
| File Date | Case Type | Case Status |
| 05/02/2018 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
Advantix Digital, LLC

Active Attorneys▾
Lead Attorney
GOLDFARB, JEFFREY
Retained

Work Phone
214-583-2233

Fax Phone
214-583-2234

DEFENDANT
Ourisman Chevrolet Co., Inc.

Address
1400 branch avenue
MARLOW HEIGHTS MD 20748

## Events and Hearings

05/02/2018 NEW CASE FILED (OCA) - CIVIL

05/02/2018 ORIGINAL PETITION ▾

ORIGINAL PETITION

05/02/2018 CASE FILING COVER SHEET ▼

COVER SHEET

05/02/2018 REQUEST FOR SERVICE ▼

2018-05-02 Ltr to Clerk requesting the issuance of citation to Ourisman (f).pdf

05/02/2018 ISSUE CITATION COMM OF INS OR SOS

05/04/2018 CITATION ISSUED ▼

DC-18-05763SOS.pdf

05/04/2018 CITATION SOS/COI/COH/HAG ▼

Anticipated Server
ESERVE

Anticipated Method

05/09/2018 NOTE - ADMINISTRATOR ▼

Comment
Set for initial dismissal: July 12, 2018. Notice faxed to counsel.

05/29/2018 MISCELLANOUS EVENT ▼

2018-05-29 NOF-Ourisman.pdf

Comment
PLAINTIFFS' NOTICE OF FILING RETURN

07/12/2018 DISMISSAL FOR WANT OF PROSECUTION ▼

Judicial Officer
MOLBERG, KEN

Hearing Time
9:00 AM

## Financial

Advantix Digital, LLC

| | | |
|---|---|---|
| Total Financial Assessment | | $304.00 |
| Total Payments and Credits | | $304.00 |
| 5/2/2018 Transaction Assessment | | $292.00 |

| 5/2/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 28286-2018-DCLK | Advantix Digital, LLC | ($292.00) |
| 5/3/2018 | Transaction Assessment | | | $12.00 |
| 5/3/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 28386-2018-DCLK | Advantix Digital, LLC | ($12.00) |

## Documents

ORIGINAL PETITION

COVER SHEET

2018-05-02 Ltr to Clerk requesting the issuance of citation to Ourisman (f).pdf

DC-18-05763SOS.pdf

2018-05-29 NOF-Ourisman.pdf

FILED
DALLAS COUNTY
5/2/2018 2:24 PM
FELICIA PITRE
DISTRICT CLERK
Marcus Turner

DC-18-05763

**CAUSE NO. _____**

| | | |
|---|---|---|
| **ADVANTIX DIGITAL, LLC,** | § | **IN THE DISCTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **OURISMAN CHEVROLET CO.,** | § | |
| **INC.,** | § | |
| *Defendant.* | § | **298TH JUDICIAL DISTRICT** |

**PLAINTIFF ADVANTIX DIGITAL, LLC'S ORIGINAL PETITION FOR
DECLARATORY JUDGMENT**

Plaintiff Advantix Digital, LLC ("Advantix") hereby files this Original Petition for Declaratory Judgment, and, in support thereof, would respectfully show the Court the following:

## I.   SUMMARY OF ACTION

1.   Advantix and Defendant Ourisman Chevrolet Co., Inc. ("Ourisman") had a long-standing business relationship in which Advantix provided online advertising and marketing services, including pay-per-click ("PPC") services with Google, to Ourisman. In order to pay for its PPC spending, Ourisman put its credit card on file with Google so that Ourisman would be charged directly for the PPC spending paid to Google. Ourisman then paid Advantix a management fee for managing Ourisman's PPC spending.

2.   On or about June 15, 2017, Ourisman decided to terminate its relationship with Advantix, and Ourisman and Advantix agreed that the termination date would be June 30, 2017. Ourisman designated a new manager for its online marketing, and Advantix (1) provided her with access to Ourisman's Google AdWords accounts to which it could provide access, and (2) provided instructions so that she could obtain access to the other accounts to which Advantix could not provide immediate access. Advantix then removed itself from those Google AdWords' accounts to which it provided access to Ourisman's new account manager. As a result, Advantix could not

---

access those accounts any longer. During and after the transition of Ourisman's Google AdWords and other accounts, Ourisman did not ask to have its PPC advertising paused at any point.

3.      On or about November 3, 2017, almost five (5) months from the date Advantix's relationship with Ourisman was terminated, Ourisman reached out to Advantix and inquired why Advantix was still running PPC advertising for Ourisman. Advantix had not been actively running PPC advertising for Ourisman—Ourisman had full control of half of its accounts and was the only one with the ability to obtain control of the other half. In addition, Ourisman knew or had reason to know that its credit card was being charged by Google, such that it would have been on notice that ads were running during the preceding five (5) months.

4.      Thereafter, Advantix received a demand letter requesting that Advantix repay Ourisman $151,000 for the allegedly "unauthorized" charges for PPC spending. At this time, Advantix and Ourisman have a justiciable controversy relating to their contractual relationship, and Advantix asks this Court for a declaration of the parties' right and obligations thereunder, as well as its attorney's fees and costs.

## II.    DISCOVERY

5.      Advantix intends to conduct discovery under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## III.    PARTIES

6.      Plaintiff Advantix Digital, LLC is a limited liability company organized under the laws of the State of Texas, with its principal office in Dallas County, Texas.

7.      Defendant Ourisman Chevrolet Co., Inc. is a non-resident corporation organized under the laws of the State of Maryland, with its principal office in Maryland. The Texas Secretary of State is the agent for service on Ourisman pursuant to section 17.044 of the Civil Practice and

Remedies Code, because Ourisman has conducted business in Texas, Ourisman does not maintain a regular place of business in Texas or a designated agent for service of process in Texas, and this lawsuit arises out of Ourisman's business in Texas. TEX. CIV. PRAC. & REM. CODE § 17.044(b). Ourisman may be served by serving its home office address, located at 1400 Branch Avenue, Marlow Heights, Maryland, 20748, or by serving its Maryland registered agent, Kenneth M. Powers, located at 4400 Branch Avenue, Marlow Heights, Maryland 20748.

## IV. JURISDICTION & VENUE

8. The Court has subject-matter jurisdiction over this case because the amount in controversy exceeds the jurisdictional minimum of this Court.

9. This Court has personal jurisdiction over Ourisman because it has intentionally and deliberately entered into a contract with Advantix, a Texas limited liability company, which contains a Texas choice-of-law and forum-selection clauses, such that Ourisman has submitted to this Court's jurisdiction by contractual agreement.

10. Venue is proper in Dallas County because a substantial amount of the acts and omissions giving rise to the claims occurred in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). In addition, the contract between Advantix and Ourisman expressly states that venue for all disputes relating to that contract would be in Dallas County.

## V. CLAIM FOR MONETARY RELIEF

11. Pursuant to Rule 47(c)(4) of the Texas Rules of Civil Procedure, Advantix seeks an award of monetary relief in excess of $200,000 but not more than $1,000,000, as well as equitable relief and all other relief to which Advantix may be prove itself entitled.

## VI.   FACTS APPLICABLE TO ALL CAUSES OF ACTION

12.     Advantix Digital, LLC is an online-marketing company that provided search-engine marketing, including pay-per-click advertising, and other online marketing services to its clients. Ourisman has been one of Advantix's clients since at least November 2014.

13.     With respect to the search-engine marketing services it provides to Ourisman, Ourisman provided a monthly PPC budget for search-engine marketing to Advantix. Ourisman elected to pay their monthly PPC budget directly to Google using their own credit card, which it kept on file with Google. Advantix then charged Ourisman a separate management fee for Advantix's PPC services to manage its monthly PPC budget.

14.     On or about June 15, 2017, Neil Kopit ("Kopit"), Ourisman's Strategic Marketing Director, called Amine Bentahar ("Bentahar"), Advantix's Chief Operating and Digital Officer, and informed Mr. Bentahar that Ourisman had elected to terminate Advantix's marketing services. Subsequently, Mr. Kopit and Mr. Bentahar agreed that Advantix's last day would be June 30, 2017.

15.     On or about June 19, 2017, Irene Shtock, an Ourisman employee, contacted Mr. Bentahar to obtain all of the necessary administrative log-in information for Ourisman's Google AdWords accounts and other account information. Mr. Bentahar and Advantix complied with Ms. Shtock's request for five (5) of Ourisman's ten (10) AdWords accounts. For the other five (5) AdWords accounts, Advantix could not provide Ourisman with immediate access—Ms. Shtock had to direct Google to give her access to those accounts. Advantix provided Ms. Shtock with this information and directed her to contact Google directly to resolve the issue. Advantix did not hear until much later that Ms. Shtock was apparently unable to resolve the issue regarding the other five (5) accounts.

16.     Mr. Bentahar had another conversation with Ms. Shtock in which she told him that that Ourisman wanted to continue running advertisements on Google AdWords because they had access to the accounts and their new agency would decide what to do with the accounts. Accordingly, Advantix did not pause Ourisman's PPC advertising with Google.

17.     On or about July 13, 2017, Ms. Shtock again confirmed that she had access to Google AdWords, and did not state that she could not obtain access to certain accounts. In addition, Ms. Shtock did not state that the PPC advertising should have been paused, and she did not ask Advantix to pause the PPC advertising at that time.

18.     As a result of Ourisman's termination of Advantix's services, Advantix revoked its ability to access certain of Ourisman's Google AdWords accounts. Ourisman had full control over those Google AdWords accounts as a result. In addition, Ourisman was the only one with the ability to obtain access to its other AdWords accounts that Advantix could not automatically transfer.

19.     On or about November 3, 2017, almost five (5) months after Ourisman terminated Advantix's services, Mr. Kopit called Mr. Bentahar and inquired whether Advantix was still running PPC advertising for Ourisman. Mr. Bentahar told Mr. Kopit that Advantix was not running advertising for Ourisman. However, ads were still being run on Ourisman's behalf, unbeknownst to Advantix. Mr. Kopit asked Mr. Bentahar to help him pause the PPC advertising.

20.     Mr. Bentahar contacted Google directly. Google stated that while Ourisman had revoked Advantix's ability to access certain of Ourisman's Google AdWords accounts, it had left Advantix as an "admin owner" on others. Advantix had no ability to correct this error. Ourisman had complete control over their own Google AdWords accounts. Mr. Bentahar communicated this information to Mr. Kopit. Mr. Kopit did not respond.

21.     On or about April 6, 2018, Advantix received a demand letter from counsel engaged by Ourisman. The letter demanded that Advantix repay Ourisman for the allegedly "unauthorized" charges that Ourisman apparently incurred on its credit card on file with Google for the PPC advertising, beginning on July 1, 2017, in the alleged amount of $151,000.

22.     Advantix denies that these charges were unauthorized—Advantix was never asked to pause the advertising after Mr. Kopit and Mr. Bentahar agreed to a termination date of June 30, 2017. In addition, Ourisman's credit card was on file with Google, such that they had notice that these charges were being incurred, and apparently did not stop them. Furthermore, Advantix had no way of stopping the PPC advertising for certain accounts after it revoked its access to Ourisman's Google AdWords, and did not know that it was still an administrator for the other accounts. At this time, the parties have a justiciable controversy regarding the parties' legal relations and obligations, and Advantix seeks declaratory relief to resolve this controversy pursuant to TEX. CIV. PRAC. & REM. CODE § 37.004(a).

## VII.    CAUSES OF ACTION

### Count I – Suit for Declaratory Relief

23.     Advantix refers to, and incorporates by reference, all of the preceding paragraphs, as if each were set forth in full herein.

24.     Advantix and Ourisman have a justiciable dispute about whether Advantix is responsible for the alleged $151,000 in PPC advertising that Ourisman incurred after July 1, 2017. The dispute concerns the parties' rights, obligations, and legal relations under the Advertising Insertion Order between Advantix and Ourisman.

25.     A judicial declaration by the Court would terminate and resolve this controversy between Advantix and Ourisman.

26.     Advantix seeks a declaration that it is not liable to Ourisman for any amount of PPC advertising expense that Ourisman incurred since July 1, 2017.

27.     In addition, Advantix is entitled to recover its costs and reasonable and necessary attorney's fees as are equitable and just as set forth in Section 37.009 of the Texas Civil Practice and Remedies Code.

## VIII.   CONDITIONS PRECEDENT

28.     All conditions precedent to Advantix's right to relief have been performed or have occurred.

## IX.     REQUEST FOR DISCLOSURES

92.     Under Rule 194 of the Texas Rules of Civil Procedure, Advantix requests that Ourisman disclose, within 50 days of service of this Request for Disclosures, the information or material described in Rule 194.2.

## IX.     PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Advantix Digital, LLC hereby respectfully request that the Court enter a final judgment granting her the following relief:

- A judicial declaration that Advantix is not liable to Ourisman for any PPC advertising costs since July 1, 2017;

- An award of Advantix's reasonable and necessary attorney's fees as are equitable and just;

- An award of Advantix's costs of Court; and

- All further relief to which the Court finds Advantix justly entitled.

Dated:  May 2, 2018                          Respectfully submitted,

By:  */s/ Jeffrey Goldfarb*
     Jeffrey Goldfarb
     State Bar No. 00793820
     GOLDFARB PLLC
     2501 N. Harwood Street, Suite 1801
     Dallas, Texas 75201
     214.583.2233 (Telephone)
     214.583.2234 (Facsimile)
     jgoldfarb@goldfarbpllc.com

**ATTORNEY FOR ADVANTIX DIGITAL, LLC**

FILED
DALLAS COUNTY
5/2/2018 3:57 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

1-CIT SOS ES



**Jeffrey Goldfarb**
D 214.583.2230
jgoldfarb@goldfarbpllc.com

May 2, 2018

*Via Electronic Filing*

Cassandra Walker
Chief Clerk
George L. Allen Sr. Courts Building
600 Commerce Street
Dallas, Texas 75202

> Re:   *Advantix Digital, LLC v. Ourisman Chevrolet Co., Inc.*, Cause No. DC-18-05763, in the 298th Judicial District of Dallas County, Texas

Dear Ms. Walker:

   I write to request the issuance of a citation in the above-referenced matter for the following listed party.

| Designation | Name | Address |
|---|---|---|
| Defendant | Ourisman Chevrolet Co., Inc. | By and through the Texas Secretary of State: Service of Process Secretary of State P.O. Box 12079 Austin, Texas 78711-2079<br><br>Ourisman Chevrolet Co., Inc. 1400 Branch Avenue Marlow Heights, Maryland 20748 |

   Please note that our preference is for the citation to be emailed to: bbohler@goldfarbpllc.com. Thank you for your assistance.

Sincerely,

*/s/ Jeffrey Goldfarb*

Jeffrey Goldfarb

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~



**To:** OURISMAN CHEVROLET CO., INC.
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711

**CITATION**

No.: DC-18-05763

ADVANTIX DIGITAL, LLC
VS.
OURISMAN CHEVROLET CO., INC.

GREETINGS:

You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and. petition, a default judgment may be taken against you.

  Your answer should be addressed to the clerk of the **95th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

ISSUED
ON THIS THE 4TH DAY OF MAY, 2018

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Said **PLAINTIFF** being ADVANTIX DIGITAL LLC

Filed in said Court 2nd day of May, 2018 against

**OURISMAN CHEVROLET CO., INC.**

By **GAY LANE**, Deputy

  For suit, said suit being numbered  **DC-18-05763**  the nature of which demand is as follows:
  Suit On  **CNTR CNSMR COM DEBT** etc.
as shown on said petition **REQUEST FOR DISCLOSURES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

Attorney for : Plaintiff
**JEFFREY GOLDFARB
GOLDFARB LLP
2501 N HARWOOD
SUITE 1801
DALLAS TX  75201
214-583-2233**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 4th day of May, 2018**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                          /s/ Gay Lane
          By_____, Deputy
                          **GAY LANE**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-18-05763

Court No: 95th District Court

Style: Advantix Digital, LLC
vs.
Ourisman Chevrolet Co., Inc.

Received this Citation the _____ day of _____, 20_____ at _____ o'clock.  Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of_____, 20_____ at_____ o'clock ____.M.  Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock _____ .M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's  original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of _____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
Signed and sworn to me by the said _____ before me this_____ day of _____, 20_____, to certify which witness my hand and seal of office.

Seal

State & County of _____

_____

___

FILED
DALLAS COUNTY
5/29/2018 4:19 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-18-05763

| | | |
|---|---|---|
| **ADVANTIX DIGITAL, LLC,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | 95TH |
| **OURISMAN CHEVROLET CO., INC.,** | § | |
| *Defendant.* | § | ~~298TH~~ **JUDICIAL DISTRICT** |

### PLAINTIFFS' NOTICE OF FILING RETURN

Plaintiff Advantix Digital, LLC hereby files the Return of Service on Defendant Ourisman

Chevrolet Co., Inc., attached hereto as Exhibit A.

Dated May 29, 2018                    Respectfully submitted,


                    By: */s/ Jeffrey Goldfarb*
                         Jeffrey Goldfarb
                         State Bar No. 00793820
                         GOLDFARB PLLC
                         Saint Ann Court
                         2501 N. Harwood Street, Suite 1801
                         Dallas, TX 75201
                         214.583.2233 (Telephone)
                         214.583.2234 (Facsimile)
                         jgoldfarb@goldfarbpllc.com

                         **ATTORNEYS FOR PLAINTIFFS ADVANTIX
                         DIGITAL, LLC**

---

Exhibit A

# The State of Texas
## Secretary of State

2018-291987-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition for Declaratory Judgment in the cause styled:

Advantix Digital, LLC VS Ourisman Chevrolet Co., Inc.
95th Judicial District Court Of Dallas County, Texas
Cause No: DC1805763

was received by this office on May 11, 2018, and that a copy was forwarded on May 15, 2018, by CERTIFIED MAIL, return receipt requested to:

Ourisman Chevrolet Co., Inc.
1400 Branch Avenue
Marlow Heights, MD 20748

The RETURN RECEIPT was received in this office dated May 18, 2018, bearing signature.



Date issued: May 21, 2018

Rolando B. Pablos
Secretary of State

GF/vm

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

May 21, 2018

| 2018-291987 |
| Include reference number in all correspondence |

Jeffrey Goldfarb
Goldfarb PLLC
Saint Ann Court
2501 N. Harwood Street, Suite 1801
Dallas, TX 75201

RE: Advantix Digital, LLC VS Ourisman Chevrolet Co., Inc.
95th Judicial District Court Of Dallas County, Texas
Cause No: DC1805763

Dear Sir/Madam:

Please find enclosed your Certificate(s) of Service for the case styled above.

If this office may be of further assistance to you, please do not hesitate to contact us.

Sincerely,

Michael Orta
Service of Process

Enclosure

# EXHIBIT B

**CAUSE NO.** DC-18-05763

| | | |
|---|---|---|
| **ADVANTIX DIGITAL, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **OURISMAN CHEVROLET CO., INC.,** | § | |
| | § | |
| **Defendant.** | § | **95th JUDICIAL DISTRICT** |

## DEFENDANT OURISMAN CHEVROLET CO., INC.'S
## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that on June 4, 2018, Defendant in the above-captioned action removed this action to the United States District Court for the Northern District of Texas, by filing a Notice of Removal in that Court. A copy of the Notice of Removal is attached as **Exhibit 1**. Accordingly, and under 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ Mark C. Taylor
      Mark C. Taylor
      State Bar No. 19713225
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685-6417
E-mail: Mark.Taylor@wallerlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **Notice of Filing Notice of Removal** has been served upon the following by first-class mail on June 4, 2018:

Jeffrey Goldfarb
GOLDFARB PLLC
2501 N. Harwood Street, Suite 1801
Dallas, Texas 75201

*Attorneys for Plaintiff*

_/s/ Mark C. Taylor_
Mark C. Taylor

# EXHIBIT C



Waller Lansden Dortch & Davis, LLP
100 Congress Avenue
Suite 1800
Austin, TX 78701

512.685.6400   main
512.685.6417   fax
wallerlaw.com

Mark C. Taylor
512.685.6404   direct
Mark.taylor@wallerlaw.com

June 4, 2018

Jeffrey Goldfarb
Goldfarb PLLC
2501 N. Harwood Street, Suite 1801
Dallas, Texas 75201

Re:  Advantik Digital, LLC v. Ourisman Chevrolet Co., Inc., Cause No. DC-18-05763

Dear Mr. Goldfarb:

Please take notice that on June 4, 2018, Defendant in the above-captioned action removed this action to the United States District Court for the Northern District of Texas, by filing a Notice of Removal in that Court, a copy of which is attached.

Very truly yours,

Mark C. Taylor

MCT/tg

Enclosure

035151-84630/4822-1269-6679.1