IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ADVANTIX DIGITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No.: 3:18-cv-01426-B |
| ) | |
| OURISMAN CHEVROLET CO., INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE JANE BOYLE, UNITED STATES DISTRICT JUDGE:

Defendant Ourisman Chevrolet Co., Inc. ("Defendant" or "Ourisman") files this Original Answer to Plaintiff's Original Petition, and Original Counterclaim, as follows:

### ANSWER

1. Paragraphs 1 - 4 are Plaintiff's "summary" of its claims, which constitute argument that Defendant need not admit nor deny. To the extent necessary, Ourisman denies the material allegations set forth in those paragraphs.

2. Defendant need not admit or deny paragraph 5.

3. Defendant admits the allegations in paragraph 6.

4. Defendant admits the allegations in paragraph 7.

5. Paragraphs 8 - 10 constitute the jurisdiction and venue allegations under Texas state law. Ourisman admits that this Court has jurisdiction over this matter pursuant to 11 U.S.C. §1332, and that venue is proper in this district and division.

6. Paragraph 11 is a statement regarding damages, which Defendant need not admit or deny. Defendant denies that Plaintiff is entitled to recovery of any damages in this case.

7. Defendant admits the allegations contained in paragraph 12.

8. With respect to paragraph 13, Ourisman admits that (1) it paid for charges billed by Google with a credit card directly to Google and (2) that Advantix billed Ourisman for a fee. Ourisman further admits that each "Advertiser Insertion Order" contained specific pricing and billing amounts,

9. Defendant admits the allegations contained in paragraph 14, except that Ourisman specifically avers that the communications regarding termination were made through e-mail.

10. Defendant denies the allegations contained in paragraph 15.

11. Defendant denies the allegations contained in paragraph 16.

12. Defendant denies the allegations contained in paragraph 17.

13. Defendant denies the allegations contained in paragraph 18.

14. Defendant denies the allegations contained in paragraph 19.

15. Defendant denies the allegations contained in paragraph 20, except that it is unable to admit or deny the allegations contained in the first sentence of that paragraph.

16. With respect to paragraph 21, Defendant admits that it sent a demand letter in April of 2018 to Plaintiff, and refers the Court to that letter for the best evidence of its terms.

17. Paragraph 22 constitutes a statement of Plaintiff's position, which Defendant need not admit or deny. Defendant's deny that Plaintiff is entitled to recovery, and denies any of the material allegations in paragraph 22.

18. Paragraphs 23 - 28 constitute Plaintiff's claims for relief, which Defendant need not admit or deny. Defendant denies that Plaintiff is entitled to any recovery in this case.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by its own breach and/or repudiation of contract.

2. Plaintiff's claims are barred by the doctrine of waiver.

## COUNTERCLAIM

Defendant Ourisman Chevrolet Co., Inc. ("Ourisman"), now acting as counter-Plaintiff, files this counterclaim against Advantix Digital, LLC ("Advantix") as follows:

### Jurisdiction and Venue

1. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship, and the amount in controversy exceed $75,000 exclusive of interest and costs. As set forth more fully in Defendant's Amended Notice of Removal, and its Response to Court's Order Regarding Jurisdictional Issues, Advantix is a Texas limited liability company, with its headquarters and principal place of business in Texas. Its members are citizens and residents of the State of Texas. Ourisman is a Maryland corporation with its principal offices in Maryland.

2. Venue is proper in this district and division, as the Counterclaim relates to the subject matter of this pending case, and because the parties have agreed that venue is appropriate in Dallas County, Texas.

### Background

3. Beginning in 2014, Ourisman engaged Advantix to provide online marketing services, including pay-per-click services through Google. The parties operated through a series of "Advertiser Insertion Orders," an example of which is attached as "Exhibit A." Ourisman provided a credit card for billings to be paid to Google.

4. By e-mail dated June 15, 2017, Ourisman terminated its relationship with Advantix; the parties agreed, in writing, that the termination would be effective June 30, 2017.

5. Notwithstanding this agreement, on July 1, 2017, Advantix reactivated Ourisman's account which resulted in additional and unauthorized charges to Ourisman by Google in the amount of $151,000.00. At no time did Ourisman authorize these billings and charges and, in fact, had relied upon Advantix's agreement to terminate the billings effective June 30, 2017.

6. Ourisman made written demand on Advantix on April 6, 2018 for Advantix to reimburse Ourisman for $151,000.00, which Advantix has failed to do, instead filing this suit.

7. All conditions precedent to recovery by Ourisman on the claims set forth herein have occurred.

### Breach of Contract

8. Ourisman incorporates the paragraphs set forth above by reference.

9. Advantix has breached its contract and agreement to terminate services and charges effective June 30, 2017. This breach has resulted in Ourisman incurring, and paying, the sum of $151,000.00, causing actual damages to Ourisman. Ourisman seeks recovery of this amount, plus interest as allowed by applicable law.

### Attorneys' Fees

10. Ourisman incorporates the paragraphs set forth above by reference.

11. Ourisman has made demand for recovery of the amounts sought more than thirty (30) days before this action was filed. Ourisman seeks recovery of its reasonable and necessary attorneys' fees pursuant to Section 38.001 et seq. of the Texas Civil Practice & Remedies Code.

12. Alternatively, Ourisman seeks recovery of its reasonable and necessary attorneys' fees pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

WHEREFORE, based on the foregoing, Defendant requests that Plaintiff take nothing by way of its claims, that Defendant, as counter-Plaintiff, recover on its counterclaim, including actual damages, attorneys' fees, costs of Court, and such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ Mark C. Taylor
   Mark C. Taylor
   State Bar No. 19713225
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 685-6400
Telecopier: (512) 685-6417
E-mail: Mark.Taylor@wallerlaw.com

*Attorneys for Defendant/Counter-Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following by first-class mail and e-mail on June 11, 2018:

Jeffrey Goldfarb
GOLDFARB PLLC
2501 N. Harwood Street, Suite 1801
Dallas, Texas 75201

*Attorneys for Plaintiff*

/s/Mark C. Taylor
Mark C. Taylor

035151-84630/4817-3996-5801.1

# EXHIBIT A



# ADVERTISING INSERTION ORDER

**PHYSICAL ADDRESS:** Ourisman Chevrolet of Marlow Heights
4400 Branch Ave
Marlow Heights, MD 20748
(240) 455-3386

**BILLING ADDRESS:** Ourisman Chevrolet of Marlow Heights
4400 Branch Ave
Marlow Heights, MD 20748
(240) 455-3386

| ACCOUNT DESCRIPTION | SPECIAL INSTRUCTIONS |
|---|---|
| Websites: http://www.ourismanchevrolet.com<br><br>Campaign Focus: New and Used Cars, Service and Parts | Goal is to Increase Visibility, which will increase visitors, which will increase Sales |

### TRACKING

1. Track and Record inbound phone calls
2. Track forms submitted
3. Track SEO work performed
4. Track ORM submissions
5. Track SMM work performed

**KPI:** *Increase Sales and Profits via the Internet.*

*Get stellar reputation in 30+ social media websites. Bury bad reviews in Google+*

**GEO:** 15 Miles surrounding the dealership

### PHONE TRACKING SETUP

**Tracking Numbers:** 240-455-3386

**Time Zone:** ☐ Pacific  ☐ Mountain
☐ Central  ☒ Eastern

**Options:** ☒ Call Recording

### AD DISPERSION

**Engines:** Google, Yahoo, Bing

**PPC Positions:** ☐ 1st  ☒ 1-3  ☐ Top 5

**Schedule:** ☒ 7:30 AM through 10:00 PM
☐ Always On

### PAYMENT TERMS
☐ Credit Card  ☒ Invoice

### START DATE
May 1, 2014

### MONTHLY PRICING

| | TOTAL |
|---|---|
| Pay Per Click | $6,000.00 |
| Search Engine Optimization | $ 595.00 |
| Online Reputation Management | $ 395.00 |
| Social Media Marketing | $ 225.00 |
| Start Up Fee Waived | $ 00.00 |
| **TOTAL** | **$7,215.00** |

### AUTHORIZATION

*Authorization is hereby granted to Advantix Marketing LLC to act as an agent to initiate a search marketing campaign for the above named client. Cancellation of the monthly campaigns will be via a 30 day written notice. Cancellation will occur 30 days after receipt of the cancellation notice. All disputes will be litigated in, governed by, and construed and enforced in accordance with the internal laws of the State of Texas and Dallas County, and shall be binding upon the parties in the United States and worldwide.*

| ADVANTIX MARKETING, LLC | Ourisman Chevrolet of Marlow Heights |
|---|---|
| *John H. Phillips* | *[signature]* |
| Authorized by: John H. Phillips   Date: 4/14/2014 | Authorized by: Neil Kopit   Date: 4/15/14 |

Advantix Marketing, LLC • 1133 Airline Drive, Suite 1200 • Grapevine, Texas 76051 • Phone: 817-424-1400 • Fax: 800.966.6511